Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUSAN HAUETER,<br><br>      Plaintiff,<br><br>v.<br><br>BONNEVILLE BILLING & COLLECTIONS, INC.,<br><br>      Defendant. | **COMPLAINT**<br><br>Case no: 2:10-cv-00934-SA<br><br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

1

3. Plaintiff, Susan Haueter ("Plaintiff"), is a natural person residing in Salt Lake County, Utah.

4. Defendant, Bonneville Billing & Collections, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening repeatedly to file legal action against Plaintiff and/or to take further actions against Plaintiff beyond mere traditional collection activities without any imminent intent to do so. 15 USC 1692e(5). In March, 2010, after months of repeated calling by Defendant, Plaintiff answered the telephone for the first time. A man who called himself "Ed Mann" was the individual making the call on behalf of Defendant. Ed Mann told Plaintiff that that day in March, 2010 was "the last possible day" to settle the account. This was not the case as Defendant called many more times after that to encourage Plaintiff to settle the debt. Then, in April, 2010, Defendant sent a letter threatening Plaintiff that the account

"may" be sent to an attorney within seven days of the date on the letter. Defendant did eventually sue Plaintiff, but not until several months later, meaning that the specific threat to refer to an attorney within 7 days was a false one. Then, in June, 2010, Plaintiff's husband called Defendant and spoke with Defendant's representative who calls himself "Chi Chi Williams." Chi Chi told Plaintiff's husband that the lawsuit would be filed on Thursday, June 10, if Defendant did not receive payment of at least half of the total amount due. Defendant did not sue on June 10 and had no intention of doing so (§ 1692e(5)).

10. Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff and falsely representing that a communication was from an attorney. Plaintiff called the number on the paperwork for the lawsuit Bonneville Collections filed against her on August 9, 2010. The individual that answered, a female, stated only "Law Office" when she answered the telephone. This woman did not give her name as required, nor did she state the name of the law firm she worked for. Plaintiff suspects this individual actually worked for Bonneville Collections. (§ 1692d(6) & 1692e(3)).

11. Falsely representing the legal status of Plaintiff's debt, including threatening to garnish Plaintiff's wages and place liens on Plaintiffs' property without first obtaining a judgment, all before Defendant had obtained a judgment (§ 1692e(2)(A)).

12. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional

distress.

14. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15. To the extent Defendant's actions, detailed in paragraphs 9-11, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e(5), 1692d(6), 1692e(3), 1692e(10) & 1692e(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 21st day of September, 2010.

TRIGSTED LAW GROUP, P.C.

_____
Joshua Trigsted
*Attorney for the Plaintiff*

**PLAINTIFF'S ADDRESS**
Sandy, UT